## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH PHILLIP** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-3735** |
| **BURL CAIN, WARDEN** | * | **SECTION: "A"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner, Joseph Phillip, was charged by grand jury indictment on November 20, 1986, with second-degree murder, a violation of La. R.S. 14:30.1.  On May 24, 1988,

after trial by a jury, petitioner was found guilty as charged.  On June 15, 1988, petitioner was

sentenced to serve life imprisonment at hard labor without benefit of parole, probation or

suspension of sentence.[1]  Phillip is presently incarcerated in the Louisiana State Penitentiary,

located in Angola, Louisiana.

On March 2, 1989, petitioner untimely filed an "Assignment of Error" in the

Orleans Criminal District Court, requesting review of the entire record for all errors patent

and to reverse petitioner's conviction and sentence.[2]  Petitioner filed for review of the record

for errors patent on his out of time appeal in the Louisiana Court of Appeal, Fourth Circuit.

The Fourth Circuit affirmed the conviction and sentence on August 24, 1989.[3]  Thereafter,

---

[1]**State of Louisiana v. Joseph Phillip,** No. 317-049"E," Criminal District Court, Parish of Orleans.

[2]See State Record Volume 1, hereinafter State Rec. Vol. 1,  for copy of Assignment of Error. The State does not argue that the out-of-time appeal should be treated as a post-conviction proceeding, thus the court treats the out-of-time filing as a direct appeal.

[3]**State v. Phillip,** No. 89-KA-0260 (unpublished opinion, Table) 547 So.2d 1148 (La. App. 4th Cir. Aug. 24, 1989).
The Fourth Circuit said, in pertinent part:
A review of the record shows that there is more than sufficient evidence to support conviction.  Phillip argued with the victim, who was walking through the St. Thomas Project with another female.  They left and a little later, the women were again walking through the project when Phillip returned with a gun.  He shot several times at the victim as she ran and she was killed by one bullet through the back.  Three eyewitnesses identified Phillip as the perpetrator.  After his arrest, the defendant made a oral statement that he shot the victim.  Additionally, the bullet was identified as having been fired from defendant's gun.

Defendant pled not guilty and not guilty by reason of insanity at trial.  Dr. Aris Cox, an expert in forensic psychiatry, had initially determined that Phillip was incompetent to stand trial and needed further evaluation.  Thereafter, the doctor

petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court within the 30 day time limit.[4]  Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction and sentence became final fourteen days later, on September 7, 1989, when the delay for applying for rehearing expired.[5]

        Sometime prior to February 1992, petitioner filed an application for post-conviction relief (PCR) with the trial court.[6]  The PCR was denied on February 25, 1992, the trial court ruling that petitioner had waived any challenge to the jury instructions by failing

---

found that Phillip could assist his attorney and stand trial.  Dr. Cox testified that Phillip was a drug abuser, but that the defendant did not suffer from mental illness nor was there evidence that he would not know right from wrong.

Upon review of the trial testimony and the record we find that, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found that each essential element of second degree murder has been proved.
**Jackson v. Virginia,** 443 U.S. 307 (1979).

The conviction and sentence are affirmed.

[4]Louisiana Supreme Court Rule X, Section 5(a) provides, in pertinent part:
  An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

[5]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
  A.  Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
  B.  A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

  [6]A copy of this application could not be found in the state record.

3

to object to the instructions prior to trial.[7]  On October 8, 1993, petitioner filed a pro se writ

application with the Louisiana Court of Appeal, Fourth Circuit, challenging his attorney's

effectiveness, the reasonable doubt charge used at his trial and requesting an out-of-time

appeal.  The writ application was denied on November 11, 1993 as untimely.[8]  Said ruling

was appealed to the Louisiana Supreme Court in writ application 94-KH-0188.[9]  Writ

application 94-KH-0188 was filed with the Louisiana Supreme Court on January 21, 1994

and was denied by that court as untimely filed on August 1,1996. [10]

---

[7]*See* Judgment dated February 25, 1992, State Rec. Vol. 1.
A close review of the record also shows that petitioner claimed that he filed an
application for PCR in the state district court on or about March 31, 1992.  The Louisiana Fourth
Circuit issued the following ruling denying petitioner's petition for supervisory writ:

> Relator's application for supervisory writs is denied.  A review of
> the trial court record indicates that the application for post
> conviction relief has not been filed.
> In the interests of judicial economy, this Court has considered
> relator's application for post conviction relief and found it to be
> untimely under Code of Criminal Procedure article 930.8.
> Relator's conviction and sentence in this case became final on
> August 28, 1989.  Thus, relator had until August 28, 1992, to file
> the application for post conviction relief.  While the relator alleges
> that the application for post conviction relief was filed on or
> around March 31, 1992, relator has not provided this Court with
> any evidence to substantiate this allegations.(sic)

**State of Louisiana v. Joseph Phillip,** No. 92-K-2612 (La. App. 4th Cir. Jan. 7, 1993.)  (A copy
of that ruling is contained in Volume 1 of the state record.)

[8]*See* **State v. Phillip**, 93-K-2018, (La. App. 4th Cir. 11/11/93), a copy of which can be
found in State Rec. Vol. 1.

[9]*See* memorandum decision in **State ex rel. Phillip v. Whitley**, 677 So.2d 437 (8/1/96).

[10]The court obtained the date of filing from the Clerk, Louisiana Supreme Court.

Further post-conviction relief was sought by petitioner, with the district court denying another PCR on March 17, 1997.[11]  Review of this decision was sought from the state appellate court on July 21, 1997, with that court denying relief on August 21, 1997.[12]

Petitioner presented the issues which he currently seeks to litigate before this court in the state district court via an application for post-conviction relief (PCR) on March 31, 2004, the date petitioner signed and presented his PCR to prison authorities for mailing.[13] The district court denied the PCR on May 20, 2004.[14]  Petitioner signed and mailed his application for review with the Louisiana Court of Appeal, Fourth Circuit on June 9, 2004.[15] The Fourth Circuit denied petitioner's writ application on September 2, 2004.[16]   Phillip

---

[11]The district court's Judgment on the PCR application can be found in State Rec. Vol. 1 but the date of the filing of the application cannot be ascertained from the record since the district court record is unavailable.

[12]*See* **State v. Phillip**, 97-K-1556, La. App. 4th Cir. 8/21/97, a copy of which can be found in State Rec. Vol. 1.

[13]See, **Causey v. Cain**, 450 F3d 601 (5th Cir. 2006), (state court pleading filed by *pro se* petitioner deemed "filed" when it is delivered to prison authorities for forwarding to the district court.) A copy of petitioner's writ application can be found in State Rec. Vol. 1. Petitioner asserted the claim that the state court lacked jurisdiction over his case because the grand jury which indicted him violated state jurisprudence as set forth in **State v. Dilosa**, 848 So.2d 546 (La. 2003).

[14]See State Rec. Vol. 1 for copy of Judgment dated May 20, 2004.  **State v. Joseph Phillip,** No. 317-049 E.  (Same attached to Fed. Petition.)

[15]Several copies of the writ application are in the state record.  One of these copies is also dated June 11, 2004.  The court gives petitioner the benefit of the earlier date.

[16]**State v. Joseph Phillip,** No. 2004-K-1051 (La. App. 4th Cir. Sept. 2, 2004)(unpublished ruling).  A copy of same is attached to the federal petition.

5

signed an application for supervisory relief to the Louisiana Supreme Court on September 23, 2004. The Louisiana Supreme Court denied the writ on June 24, 2005.[17]

Review of the record shows that petitioner filed the subject federal petition for habeas corpus relief on July 25, 2005, the day he signed the petition and presented it to the prison authorities for mailing.[18] The State has filed a response indicating that the petition filed by Phillips should be time-barred. (*See* Fed. Rec. Doc. 9).

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's state

---

[17]**State ex rel. Joseph Phillip v. State of Louisiana,** 904 So.2d 736, No. 2004-KH-2561 (La. June 24, 2005). A copy of the ruling is attached to the federal petition.

[18]*See* Federal Rec., Doc. #1. This July 25, 2005, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

6

conviction became final on September 7, 1989 and his time for seeking review of his conviction with the Louisiana Supreme Court expired on September 25, 1989, thirty days after the Fourth Circuit rendered its decision affirming Phillips' conviction and sentence.[19] However, Phillips' federal limitation period would not commence to run until the enactment date of the AEDPA , or on April 24, 1996, under the rule of *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). Since the Antiterrorism and Effective Death Penalty Act of 1996 was enacted after Phillip's conviction became final, the U.S. Fifth Circuit held, in *Flanagan*, that prisoners such as Phillip must be given a one-year grace period, from April 24, 1996 until April 24, 1997, during which to file a federal post conviction habeas challenge. *Id. at* 201-02. See also, *Felder v. Johnson*, 204 F.3d 168, 169 (5th Cir. 2000). Under the general rule set forth in 28 U.S.C. §2244(d)(1), therefore, Phillip's federal limitations period therefore would have commenced running on April 24, 1996 and he would have had until April 24, 1997 to file either his federal habeas petition or a "properly filed state post-conviction application" sufficient to toll the limitations period.[20]

---

[19]Since the thirtieth day would fall on a Saturday, the court finds the thirty day period expires on the Monday thereafter.

[20] 28 U.S.C. 2244(d)(1) provides that a federal habeas action may be brought within a one year period after the conclusion of direct state review or the expiration of the time for seeking such direct review. 28 U.S.C. 2244(d)(2) allows for the tolling of this one year limitations period during the time when a properly filed post-conviction matter or other collateral review matter is proceeding in the state courts.

At the time of the AEDPA's enactment, Phillip had writ no. 94-KH-0188 pending before the Louisiana Supreme Court until August 1, 1996.  Subsequently, Phillip filed a PCR with the state district court, which was decided on March 17, 1997. The date of this filing cannot be ascertained, therefore the court assumes, *arguendo*, that no time ran against petitioner until the state appellate court denied post-conviction relief on August 21, 1997. [21] With no further review sought, the federal limitations period ran against petitioner from August 22, 1997 until its expiration on August 22, 1998. Therefore, unless Phillip's claim falls under one of the exceptions to the general limitations rule as set forth in Section 2244(d)(1)(B)-(D), his federal habeas application would be time-barred from federal review as of August 22, 1998.[22]

To the extent that Phillip is raising an issue under **State v. DiLosa**, 848 So.2d 546 (La. 2003), a case recently decided by the Louisiana Supreme Court, he could arguably be asserting a claim that might fall under the exception set forth in Section 2244(d)(1)(C) as a "new rule of law".  Specifically, Section 2244(d)(1)(C) provides, in pertinent part:

> A  1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[21]*See* **State v. Phillip**, 97-K-1556, La. App. 4th Cir. 8/21/97, a copy of which can be found in State Rec. Vol. 1.

[22]Phillip's only other state proceeding was not filed until March 31, 2004, long after the limitations period had expired.  His federal petition was not filed until July 25, 2005, too late to stop the limitations period from expiring.

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

If Phillip could prove that his case fell under this exception, he would be given one year from the time when the new law was recognized to file a federal habeas petition.  The *Dilosa* decision was rendered on June 27, 2003. Assuming, *arguendo*, that the *Dilosa* decision was a "new rule of law",  Phillip would have one year after that decision was rendered, or until June 27, 2004, to file either his federal petition or a state post-conviction application sufficient to toll the limitations period.  Phillip filed a state post-conviction application on March 31, 2004, allowing all but 57 days of his one year limitations to expire. The application remained pending until the Louisiana Supreme Court denied it on June 24, 2005.[23] Phillip then filed his federal habeas application on July 25, 2005, allowing a lapse of 30 additional days. Therefore, assuming the *Dilosa* decision extended Phillip's federal limitations period to one year after the decision was rendered, Phillip's federal application would be timely filed.

However,  the court finds that the *Dilosa* decision does not extend Phillip's federal limitations period under Section 2244(d)(1)(C).  In *Dilosa*, the Louisiana Supreme Court held that Louisiana laws which established a unique method for the selection of the grand jury

---

[23]*See,* **State ex rel. Joseph Phillip v. State,** 904 So.2d 736, No. 2004-KH-2561 (La. June 24, 2005).

venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A), which prohibits the passage of local laws concerning criminal actions.[24]   *Dilosa* was thus based on the *Louisiana Supreme Court's* finding that certain articles of the Louisiana Code of Criminal Procedure violated the *state* constitution, which is of no moment in a federal proceeding. Section 2244(d)(1)(C) requires that a habeas petitioner make a two-prong showing: 1) that the constitutional right asserted has been newly recognized by the *U.S. Supreme Court*; and, 2) that the *U.S. Supreme Court* had made the right *retroactively applicable* to cases on collateral review (emphasis added).  Phillip has made neither showing.  The *Dilosa* decision is neither a change of law set forth by the U.S. Supreme Court nor has it been made retroactive by the U.S. Supreme Court.  Therefore, Phillip cannot establish that his case falls under the purview of the exception set forth in 28 U.S.C.§2244(d)(1)(C).

Even if the court were to address the merits of Phillip's claim based upon *Dilosa*, the court would necessarily find that he is not entitled to relief.  Federal habeas corpus relief may be granted only to remedy violations of the U.S. Constitution and laws of the United States; mere violations of state law will not suffice.  28 U.S.C. §2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983).  See *Davis v. Jones*, 2006 WL 1540114 (E.D. La. May 31,

---

[24]The provisions struck down by this court in *Dilosa* gave judges in Orleans Parish, and only in Orleans Parish, the unique authority to select all of the grand jurors from the grand jury venire, as opposed to the system of random selection from the venire prevailing elsewhere in the State of Louisiana for selection of all of the grand jurors with the exception of the foreperson. *Dilosa,* 848 So.2d at 550.

2006)(Berrigan, J.)(holding that *Dilosa* "did not announce a new constitutional right under the United States Constitution.  Rather . . . a *state* supreme court applied a pre-existing *state* constitutional right to invalidate a state law". The court therefore denied habeas relief.)

Based upon the foregoing, the court finds that Phillip's habeas application is untimely filed.  Alternatively, petitioner fails to establish that he is entitled to federal habeas relief on the basis of *State v. DiLosa*, 848 So.2d 546 (La. 2003).   Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Joseph Phillip for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** with prejudice  as untimely.  Alternatively, the petition should be **DENIED** with prejudice on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 16th day of January, 2007.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE